**SHAFFER et, Plaintiffs-Appellants, v. LIGGETT et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4259.   Decided October 21, 1949.

Hugh Huntington, A. Glenn McClelland, C. M. Addison, Columbus, for plaintiffs-appellants.

Harrison W. Smith, Willis H. Liggett, Columbus, for defendants-appellees.

## OPINION

By THE COURT.

The appeal is on questions of law from a judgment entered on a directed verdict at the conclusion of plaintiff's case. The action was to contest a will of Ella M. Turner, deceased, in which the defendants were named as executors. Both of them had qualified at the time of the trial of this cause. Plaintiffs were not named as beneficiaries in the probated will of decedent. It was their claim, sought to be developed by the testimony, that they had been named beneficiaries in a prior will of decedent, and it became incumbent upon them not only to show this fact but also to prove that such a will was in existence.

Plaintiffs, to develop the theory of their cause, called Mr. Willis H. Liggett, defendant and co-executor, as a witness on cross-examination. Upon the evidence admitted on the rulings of the trial judge the plaintiffs produced no evidence tending to establish existence of a prior will, in which they had been named as beneficiaries. The trial judge took some testimony tending to show the mental impairment of the decedent at the time of the execution of the probated will, but the court insisted that unless and until the plaintiffs showed their right to maintain the action as parties it would be useless to take further evidence upon the issue of the capacity of the testatrix to execute the probated will. Thereupon the court directed a verdict sustaining the will and judgment was entered on the verdict and motion for new trial was overruled.

Seven errors are assigned, all but one of which may be referred to the action of the trial judge in refusing to require the defendant-executor, Willis H. Liggett, to answer a certain question propounded to him on cross-examination. The only assignment which is not so covered is No. 2 to the effect that the court erred in refusing to compel the executor to obey the order of a subpoena duces tecum, "all prior wills, copies of wills, or parts of wills executed by Ella W. Turner prior to July 22, 1946". Because of the state of the record this error is not exemplified for the reason that it does not appear that the defendant-executor, as an individual or as executor, had a will of decedent in his possession.

The other errors assigned are directed to the ruling of the trial judge upon the evidence as developed in the bill of exceptions, which arose in this manner:

Mr. Liggett, as executor, having taken the stand on cross-examination, answered questions showing his appointment and

status as executor of decedent, whereupon his counsel asked the privilege of interrogation and developed the fact that at the time of the death of Mrs. Turner and for ten to fifteen years continuously prior thereto Mr. Liggett had been her attorney. It was developed on examination that the witness had gone to the Columbus Savings Bank and was there present when a lock box belonging to the decedent was opened, and he was permitted to answer the question, "Did you or did you not find a will in either of those lock boxes?" to which the witness replied in the negative. Thereafter a number of questions were propounded, to practically all of which objections were sustained, and finally this question was asked, "You said you did not find any will in either one of the lock boxes, did you find one any place else?" On objection, the witness was not permitted to answer the question, and exception was noted to the ruling of the court. The testimony was denied upon the authority of §11494 GC, that the evidence sought was a privileged communication between the decedent and her attorney in that relation.

It will be noted that the error assigned here comes within a very narrow compass. The witness was called as the executor. The inquiry was directed specifically to any will, other than the probated will, that the witness had found after the death of Mrs. Turner. At the time that the objection was sustained it had not appeared that any prior will was in existence. Therefore, it does not appear that such a will, if in existence, was prepared by the witness; that he was consulted as attorney concerning its preparation or that, if found, it was in the possession or under the control of the witness during the lifetime of the testatrix, or that he may not have held it as custodian only.

In this situation we do not believe that there was sufficient showing to support the ruling of the trial judge that an answer to the question here under consideration would have invaded the privilege accorded to the witness because of the attorney-client relationship between them.

We are cited to several cases by counsel for the parties, no one of which in our judgment is in conflict with our holding upon the immediate question here under consideration.

In **Swetland v. Miles, 101 Oh St 501,** the court held that the testimony of the attorney-witness was privileged. It appeared that the witness had been consulted as attorney in reference to the will under consideration, and, page 503,

"It is admitted on both sides that the testimony directly involved the communication, and it is admitted further that

the communication was in the relation of attorney and client; so that the testimony involved comes squarely within the * * * statute."

The difference in factual development in the cited case and the instant case is manifest.

**In re Hurin, 59 Oh Ap 82,** goes further in extending the privilege between attorney and client than any case to which we have been cited or of which we have knowledge. It was there held that in an action to contest a will an attorney who had prepared two wills, one of which had been probated, could not be required to produce the former will, because a privileged communication, at the instance of the contestants. The attorney had prepared the will. He was not the executor of the testatrix. The court proceeded upon the assumption that the subject matter of the will sought to be produced was the result of communications from the testatrix to her attorney in that relation.

In **Haley v. Dempsey, Exr., 14 Oh Ap 326,** the testimony sought to be offered and refused related to communications made by the testatrix to her attorney, the witness, and the advice which he gave her.

To the question propounded here there could be but two answers. If in the negative, then the question of privilege is immaterial. If in the affirmative, then such an answer standing alone would not, in our judgment, establish the privilege. There must be some factual development from which, in the light of the statute and the adjudications, the court would be required to conclude that the evidence if produced would constitute a privileged communication. No case cited will permit of the conclusion that an answer to the question here under consideration would, in itself, constitute a privileged communication of the client to her attorney. The subsequent answers of the witness on the subject matter sought to be developed may take such ramifications that to further discuss their admissibility would be indulging in pure conjecture. Suffice to say that the evidence should be received until such a time as it reasonably appears that to permit further answers to be made would clearly invade the field of the privilege accorded to the witness.

We hold that the errors assigned which relate to the refusal of the trial judge to permit the question under consideration to be answered are established. The judgment will be reversed and cause remanded for new trial.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.